73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Jimmy DUVALL, Petitioner-Appellant,
v.
Al PARKE, Respondent-Appellee.
 No. 94-2710.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Dec. 29, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Jimmy Duvall, a state prisoner acting pro se, appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. Duvall confessed to abducting, threatening with a knife, and attempting to rape an eleven-year-old girl. He went to trial after withdrawing an agreement to plead "guilty but mentally ill" to attempted criminal deviate conduct, which would have resulted in a sentence of thirty years. After the first day of trial, however, he agreed to plead guilty to attempted rape. According to Duvall, he understood that at the sentencing hearing his attorney would have his mother and uncle testify that Duvall was severely abused as a child. Duvall believed this would result in a sentence of twenty years.[1] Instead, Duvall's counsel offered evidence that Duvall had a history of behavior disorders, and one expert testified that Duvall "grew up feeling abused." The court found that aggravating factors, including the age of the victim, the nature of the offense, and that Duvall was on probation for a similar crime at the time of the offense, far outweighed any mitigating circumstances, and sentenced Duvall to forty-five years in prison. The Indiana courts affirmed his sentence and conviction on direct appeal, and denied him post-conviction relief.
 
 
 2
 Duvall first argues that his trial counsel was ineffective because he failed to uncover and present evidence at sentencing that Duvall was abused as a child. Failure to present readily available mitigating evidence at the sentencing hearing may constitute ineffective assistance of counsel. See Brewer v. Aiken, 935 F.2d 850, 857-58 (7th Cir.1991) (capital case); see also Balfour v. Haws, 892 F.2d 556, 564 (7th Cir.1989). At the post-conviction hearing, Duvall's trial lawyer conceded that had he known of the abuse, he probably would have presented it as evidence. Nonetheless, we do not think his conduct "so undermined the proper functioning of the adversarial process that the [sentencing hearing] cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Unlike counsel in Brewer or Balfour, Duvall's counsel did present mitigating evidence. The trial court accepted Duvall's history of behavior disorders as a mitigating circumstance, and agreed that Duvall needed psychological help. At best, the evidence of abuse might have provided an explanation for the behavior disorders already presented as mitigation. Cf. United States v. Morgano, 39 F.3d 1358, 1376 (7th Cir.1994), cert. denied, 115 S.Ct. 2559 (1995). We are unconvinced that the failure to present the history of abuse, standing alone, would have had an impact on Duvall's sentence. Counsel's performance satisfied the requirements of the Sixth Amendment. See Davis v. Greer, 13 F.3d 1134, 1140 (7th Cir.), cert. denied, 115 S.Ct. 328 (1994).
 
 
 3
 Duvall also maintains if counsel had not led him to believe he would get less than thirty years,[2] he would have taken his chances with the jury instead of pleading guilty. See Hill v. Lockhart, 474 U.S. 52, 56 (1985). This claim "fails at the threshold because mere allegations of promises made by counsel are insufficient to support a claim of ineffective assistance." United States v. Rodriguez-Luna, 937 F.2d 1208, 1214 (7th Cir.1991). And even if we assume that Duvall's lawyer rendered ineffective assistance, nothing suggests that the end result would have been different had the case gone to the jury. The record indicates that evidence of Duvall's guilt, including an admissible confession, was overwhelming. If Duvall had proceeded to trial, he would at best have delayed sentencing without changing the result. Because Duvall cannot show prejudice, his claim of ineffective assistance must fail. Id. at 1215.
 
 
 4
 Duvall also argues that his appellate counsel was ineffective, because he failed to impeach a claim by the victim's father that the victim was cut during the attempted rape. The victim herself testified, in an earlier deposition, that although Duvall threatened her with a knife, he never cut her. The record demonstrates that the Indiana Court of Appeals accepted that Duvall cut the victim during the attempted rape.
 
 
 5
 Due process requires that a sentence be based on accurate information. United States v. Atkinson, 979 F.2d 1219, 1224 (7th Cir.1992). Duvall, however, cannot show that the result on appeal would have been different had the appellate court known of the victim's testimony. See United States v. Moutry, 46 F.3d 598, 605 (7th Cir.1995). First, there is no evidence that the trial judge used inaccurate information in imposing sentence, because Duvall's trial lawyer properly objected to the father's claim. Moreover, Duvall's offense of conviction was attempted rape, and he concedes that he used a knife. That he "merely" threatened his victim with deadly force instead of actually cutting her does not change the nature of the crime so significantly as to render the sentence manifestly unreasonable. We do not think that there is a reasonable likelihood that the Indiana Court of Appeals would have overturned Duvall's sentence had appellate counsel contested the accuracy of the father's testimony. Because it would not have changed the result of the appeal, failure to impeach the father's testimony was not prejudicial error.
 
 
 6
 Finally, Duvall argues that his sentence should be overturned because the state judge who sentenced him was himself recently sent to jail for offenses including sexual misconduct. Duvall speculates that Judge Brubaker sentenced him harshly so as not to seem soft on crime, and thereby deflect attention from his own criminal activities. While we deplore Judge Brubaker's actions, we will not overturn a sentence on pure conjecture. United States v. Strozier, 981 F.2d 281, 285 (7th Cir.1992). Duvall committed a heinous crime, and the sentence imposed is consonant with the seriousness of the offense. Nothing in the record suggests that the sentence was improperly imposed.
 
 
 7
 Duvall's remaining claims are without merit. AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 Under Indiana law, the attempted rape carried a sentence of thirty years, which could be enhanced by up to twenty years for aggravating factors, or reduced by up to ten years for mitigating circumstances. Ind.Code Secs. 35-42-4-1, 34-41-5-1(a), 35-38-1-7.1
 
 
 [2]
 At the post-conviction hearing, Duvall testified that his lawyer told him he would receive a twenty-year sentence if he pleaded guilty. Duvall's trial counsel denied making such a promise. The state courts did not make a factual determination that the promise had, or had not, been made